# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CONNIE J. LATHAM,
                Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0845-14-0559-C-1

DATE: February 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Connie J. Latham, Placerville, California, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which found the Office of Personnel Management (OPM) in compliance with the initial decision in this matter. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed a timely appeal of OPM's reconsideration decision in which it found that, because she was restored to earning capacity, the appellant was no longer entitled to her Federal Employees' Retirement System disability annuity after June 30, 2011, and that, as a result, it had overpaid her $47,049.12.  *Latham v. Office of Personnel Management*, MSPB Docket No. SF-0845-14-0559-I-1, Initial Appeal File (IAF), Tab 1.  Specifically, OPM had notified the appellant that her earnings of $58,147 for 2010 and $65,828 for 2011 were in excess of the applicable income limitation of $53,579 for those years, i.e., 80 percent of the $66,974 base salary of the GS-11, Step 6 Park Ranger position from which the appellant retired.  IAF, Tab 4 at 5-8; *see* 5 C.F.R. § 844.402.

¶3        After holding a telephonic hearing, the administrative judge found that OPM established the existence and amount of the overpayment.  IAF, Tab 9, Initial Decision (ID).  Nevertheless, because the appellant was not at fault in creating the overpayment, and the record indicated that recovery of the overpayment would be against equity and good conscience, the administrative judge reversed OPM's reconsideration decision and found that the appellant was

entitled to a waiver of the overpayment under 5 U.S.C. § 8470(b). ID at 5. When neither party petitioned for review, the initial decision became the Board's final decision on August 21, 2014. ID at 6; *see* 5 C.F.R. § 1201.113.

¶4    The appellant subsequently filed this petition for enforcement in which she argued that, because she was found without fault in creating the overpayment at issue, her annuity should have been reinstated and she should receive back annuity payments. Compliance File (CF), Tab 1. The agency responded in opposition. CF, Tab 3. The administrative judge found the agency in compliance with the initial decision. CF, Tab 4, Compliance Initial Decision (CID). The appellant has filed a petition for review of the compliance initial decision in which she again requests that her annuity be reinstated. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

¶5    We agree with the administrative judge that the initial decision in this matter did not find that OPM erroneously terminated the appellant's disability annuity. CID at 2. The record confirms the administrative judge's observation that the appellant failed to contest OPM's findings regarding the amount she had earned in 2010-11, and we also agree that there was no evidence in the record to indicate that either the amount of those annual earnings or OPM's determination that the appellant had been restored to earning capacity based on the amount of those earnings were incorrect. CID at 3; *cf. Starr v. Office of Personnel Management*, 81 M.S.P.R. 633, ¶¶ 2, 4 (1999) (interpreting largely identical provisions applicable to the Civil Service Retirement System). Moreover, it is clear from the administrative judge's finding that the appellant was no longer entitled to her annuity and that OPM properly terminated it. *See* ID at 2-3. Otherwise, the administrative judge would have determined that OPM had failed to establish the existence of the overpayment. Nevertheless, as the administrative judge commented in the compliance initial decision, OPM provided the appellant with the information necessary for her to apply for reinstatement of her annuity in

the event her earnings fall below the 80 percent threshold noted above.  CID at 3; CF, Tab 3 at 6-7; IAF, Tab 4 at 24-25.  As a result, we deny the appellant's petition for review of the compliance initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.